```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
BARBARA ANN ROBINSON AND
CHRISTOPHER MCCLINTICK,           *

     Plaintiffs,                  *

          v.                      *    CIVIL NO.: WDQ-07-1496

MICHELLE R. SHORTT AND            *
MARCIA LEVIN,
                                  *
     Defendants.
                                  *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION

Barbara Ann Robinson and Christopher McClintick sued Michelle R. Shortt and Marcia Levin for false imprisonment, assault, and battery.  Pending are Plaintiffs' motion for entry of default against Defendants, the Government's motion to substitute, and Plaintiffs' motion to strike Defendants' answer, the Government's motion to substitute, and a "mischaracterization" in Defendants' surreply.  For the following reasons, the Government's motion to substitute will be granted, and Plaintiffs' motions will be denied.

I.  Background

Robinson, McClintick, and Levin were employees at the Centers for Medicare and Medicaid Services ("CMS"), an agency of the U.S. Department of Health and Human Services.  Compl. ¶¶ 1-2. Shortt was Robinson's direct supervisor.  *Id.* ¶¶ 3-4.  Plaintiffs

1

allege that on April 27, 2006, Shortt and Levin falsely imprisoned and assaulted them during a search for documents and files in Robinson's work cubicle.  *Id.* ¶¶ 9-20.  Robinson also alleges that on May 11, 2006, Shortt battered her while she attempted to check her e-mail.  *Id.* ¶ 23.

On April 23, 2007, Plaintiffs sued Defendants in the Circuit Court for Baltimore County.  On May 6, 2007, Defendants removed the case to federal court.

II. Analysis

A. Motion to Substitute

The Government seeks to substitute itself for Shortt and Levin as the sole defendant in this action.  Plaintiffs request that the Court defer ruling on the Government's motion until additional discovery is completed.  Specifically, Plaintiffs contend that discovery is needed to determine whether Defendants were acting within the scope of their employment during the alleged actions.

The Federal Tort Claims Act ("FTCA") immunizes federal employees from liability for common law tort actions arising from acts or omissions committed within the scope of their employment. 28 U.S.C. § 2679(b) (2000).  To obtain this immunity, the United States Attorney must certify that the federal employees were acting within the scope of their employment during the alleged tortious act.  *Id.* § 2679(d)(1).  Once certification is made, the

United States is substituted as the sole defendant, and plaintiffs must pursue their claims under the FTCA. *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997).

The scope of employment certification is judicially reviewable. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995). The United States Attorney's certification satisfies the government's prima facie burden. *Maron*, 126 F.3d at 323. To refute this certification, plaintiffs must prove by a preponderance of the evidence that defendants were not acting within the scope of their employment. *Id.* Substitution is permitted in intentional tort cases, and state law governs the scope of employment determination. *Id.* at 323-26. As the alleged torts occurred at the CMS facility in Baltimore, Maryland, Maryland law governs. *See Jamison v. Wiley*, 14 F.3d 222, 237 (4th Cir. 1994).

In Maryland, an employee's tortious acts are within the scope of employment if "they were in furtherance of the employer's business and were 'authorized' by the employer." *Sawyer v. Humphries*, 322 Md. 247, 255, 587 A.2d 467, 470 (Md. 1991). Though "there are few, if any, absolutes" in resolving the scope of employment inquiry, *id.* at 255, 587 A.2d at 471, courts look to several factors in making this determination:

> [W]hether the action was in furtherance of the employer's business or was personal to the employee, whether it occurred during the period when the employee was on duty for the employer, whether it related to the employee's

3

> duties, whether the action was in a broad sense authorized by the employer, [or] whether the employer had reason to expect that the type of action might occur.

*Lovelace v. Anderson*, 366 Md. 690, 718, 785 A.2d 726, 742 (Md. 2001).

Neither the Government nor Plaintiffs have presented particularly persuasive evidence on the scope of employment issue.  The Government argues that it "would not be representing, nor agree to substitute itself for the named defendants [] if it believed they had committed intentional torts."  Gov't Supp. Mem. Resp. Mot. to Strike at 3.  Although the Government explains that the alleged acts were committed by federal employees during official work hours at CMS and "concerned matters and documents relating to their federal employment," Gov't Supp. Mem. Reply Mot. to Substitute at 3, the Government provides little "evidence and analysis to support its conclusion that the torts occurred within the scope of employment."  *Maron*, 126 F.3d at 323.

Plaintiffs contend that Defendants acted outside the scope of their employment because they may have committed obstruction of justice by seeking to destroy documents and sanitizing Robinson's computer hard drive to remove incriminating information concerning an internal investigation.  Even assuming Plaintiffs' speculation is true, Defendants' alleged actions transpired at CMS during business hours and involved issues related to Plaintiffs' federal employment.  As Plaintiffs have

4

not met their burden of demonstrating that Defendants' actions were outside the scope of their employment, Plaintiffs are not entitled to additional discovery.  The two cases cited by Plaintiffs as support for additional discovery simply establish that after *Gutierrez,* evidentiary hearings on whether certification is appropriate are permissible.  *See Singleton v. United States*, 277 F.3d 864, 871 (6th Cir. 2002); *Taboas v. Mlynczak*, 149 F.3d 576, 581 (7th Cir. 1998).  Although the *Gutierrez* Court opened the certification question to judicial review, the Court did not expand this review to include every dispute about the scope of employment.  Accordingly, the Government's motion to substitute will be granted.[1]

B. Motion for Entry of Default

Plaintiffs argue that the Court should enter default against Defendants for their failure to file a timely answer.  Defendants acknowledge that there was a delay in filing an answer, but contend that there is good cause for denying Plaintiffs' motion.  Under Rule 55(e), default judgment shall not be entered against the United States "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."  Fed. R. Civ. P. 55(e).  As the Plaintiffs have not established their

---

[1] Plaintiffs contend that discovery is warranted because if the Government is substituted, it will cause the "demise" of their action.  Pl.'s Supp. Mem. Resp. Mot. to Substitute at 4.  In fact, the Plaintiffs' damages claims survive as claims against the Government.

5

claim against the Government, Plaintiffs' motion for entry of default will be denied.[2]

C. Motion to Strike

Plaintiffs move to strike Defendants' Answer, the Government's motion to substitute, and "mischaracterizations"[3] in Defendants' surreply to Plaintiffs' motion for entry of default. As the Court will grant the Government's motion to substitute and deny Plaintiffs' motion for entry of default, Plaintiffs' motion to strike Defendants' answer and motion to substitute will be denied.  Moreover, under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Defendants' surreply is not a pleading under Rule 7.  *See* Fed. R. Civ. P. 7.  Therefore, Plaintiffs' motion to strike ¶ 6 of Defendants' surreply will also be denied.

III. Conclusion

For the reasons stated above, the Government's motion to

---

[2] Under Rule 55(a), an entry of default must precede an entry for default judgment.  Fed. R. Civ. P. 55(a).  Because Plaintiffs cannot obtain an entry of default judgment against the United States, they should not obtain an entry of default.  The Court will deny Plaintiffs' motion for entry of default, and grant Defendants' motion for extension of time to file an answer, dispositive motions, or other responsive pleadings.

[3] Plaintiffs argue that Defendants violated and inaccurately described terms of a settlement agreement with Robinson. Plaintiffs request that the Court strike all references to the settlement agreement in Defendants' surreply.

6

substitute will be granted, and Plaintiffs' motions will be denied.


October 25, 2007                         /s/
Date                            William D. Quarles, Jr.
                                United States District Judge