IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *

BARBARA ANN ROBINSON AND      *
CHRISTOPHER MCCLINTICK,
                              *
     Plaintiffs,
                              *
        v.                        CIVIL NO.: WDQ-07-1496
                              *
UNITED STATES OF AMERICA,
                              *
     Defendant.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Barbara Ann Robinson and Christopher McClintick sued
Michelle R. Shortt and Marcia Levin for false imprisonment,
assault, and battery.  On October 25, 2007, the Court granted the
Government's motion to substitute, and denied Plaintiffs' motion
for entry of default and motion to strike.  Pending is
Plaintiffs' motion for reconsideration.  For the following
reasons, Plaintiffs' motion will be denied.

I.   Background

Robinson, McClintick, Shortt, and Levin were employees at
the Centers for Medicare and Medicaid Services ("CMS"), an agency
of the U.S. Department of Health and Human Services.  Compl. ¶¶
1-2.  Plaintiffs allege that on April 27, 2006, Shortt and Levin
falsely imprisoned and assaulted them during a search for
documents and files in Robinson's work cubicle.  *Id.* ¶¶ 9-20.

1

Robinson also alleges that on May 11, 2006, Shortt battered her while she attempted to check her e-mail. *Id.* ¶ 23.  On November 2, 2007, Plaintiffs filed a motion for reconsideration of the Court's October 25, 2007 ruling.

II.  Analysis

A. Standard of Review

Rule 54(b) provides for review of interlocutory orders at any time before entry of a final judgment.[1]  *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).  The standard governing Rule 54(b) motions is not clear, *Superior Bank, F.S.B. v. Tandem Nat'l Mortgage, Inc.*, 197 F. Supp. 2d 298, 331 (D. Md. 2000), but the Fourth Circuit has held that the standard of Rule 60(b) does not strictly apply. *Fayetteville Investors*, 936 F.2d at 1470.  Rather, courts are guided by the general principles of Rules 59(e) and 60(b). *Shrewsbury v. Cyprus Kanawha Corp.*, 183 F.R.D. 492, 493 (S.D. W. Va. 1998).[2]  Review of interlocutory orders is committed to the

---

[1] The Court's October 25, 2007 order is interlocutory because not all of the claims were adjudicated.

[2] Under Rule 59(e), a court may grant a motion for reconsideration to: 1) accommodate an intervening change in controlling law; 2) account for new evidence previously unavailable; or 3) correct a clear error of law or prevent manifest injustice.  *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005).  Rule 60(b) provides relief from a final judgment for: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct of an adverse party; 4) the judgment is void, has been satisfied, or abrogated by a later decision; or 5) any other

discretion of the district court.  *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).

B. Rule 54(b) Motion

Plaintiffs disagree with the Court's decision to grant the Government's motion to substitute.  Plaintiffs contend that Shortt and Levin were not acting with the scope of their employment during the April 27, 2006 search.  Plaintiffs assert that Shortt performed an unauthorized search for documents in Robinson's cubicle and deliberately misplaced documents that were related to Robinson's EEOC complaint against her.

State law governs the scope of employment determination. *Maron v. United States*, 126 F.3d 317, 323-26 (4th Cir. 1997).  In Maryland, courts look to several factors in making this determination, including whether the action was personal or business-related, whether it occurred during work hours, and whether it was in a broad sense authorized by the employer.  *See Lovelace v. Anderson*, 366 Md. 691, 718, 785 A.2d 726, 742 (Md. 2001).  "[T]here are few, if any, absolutes" in resolving the scope of employment inquiry.  *Sawyer v. Humphries*, 322 Md. 247, 255, 587 A.2d 467, 470 (Md. 1991).

Plaintiffs assert that Shortt's actions were not authorized by her employer and were motivated by her personal self-interest. Plaintiffs suggest that the only factor a court may consider is

---

reason that justifies relief.  Fed. R. Civ. P. 60(b).

whether an employee was advancing her employer's interest.  This is too narrow a view of the scope of employment inquiry. Plaintiffs ignore the fact that the alleged acts were committed by federal employees during work hours and involved issues related to federal employment.  Indeed, Plaintiffs argue that Shortt was investigating Robinson's proxy use of Shortt's work e-mail.  Plaintiffs have not presented new evidence or arguments demonstrating that Shortt did not act within the scope of her employment.

Plaintiffs also contend that Shortt and Levin acted outside the scope of their employment by prohibiting McClintick from performing his union duties.  A union employee is allowed to have a union representative present during an investigatory interview that the employee reasonably believes will result in disciplinary action.  *NLRB v. J. Weingarten, Inc.*, 420 U.S. 251, 262-63 (1975).  It was not necessary that a union representative be present, as there was little indication that Shortt's search of the cubicle would result in an admission or statement by Robinson resulting in agency discipline.  Rather, McClintick's presence and queries aggravated the situation.  As a supervisor, Shortt had the authority to manage Robinson and her workspace, and she did not act outside the scope of her employment in requesting that McClintick leave while she finished her search.

III. Conclusion

    For the reasons stated above, Plaintiffs' motion for

reconsideration will be denied.


January 11, 2008                    _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge